UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLEN DAVID DANIEL,                          Case No. 24-11218
                        Plaintiff,
v.                                           Sean F. Cox
                                             Chief United States District Judge
TERI FIGHTER-DANIEL, *et al.*,
                        Defendants.          Curtis Ivy, Jr.
_____/                   United States Magistrate Judge

**ORDER DENYING PLAINTIFF'S MOTIONS FOR DEFAULT
JUDGMENT (ECF Nos. 18, 19) AND ADDRESSING SERVICE OF
PROCESS**

Plaintiff Allen David Daniel filed this *pro se* matter on May 8, 2024.  (ECF

No. 1).  Certificates of service reflect that all Defendants were served on June 24,

2024.  (ECF No. 10).  Defendants Badgerow, Black, Braley, Christiansen, Desco,

Franco, Hatton, Keys, Lieter, Moore, Osbourn, Sorensen, and Stephensen filed a

motion for extension of time to file an answer on July 15, 2024, noting that defense

counsel needed more time to determine whether they would represent additional

defendants.  (ECF No. 14).  The Court granted this motion and extended the

response deadline until August 21, 2024.  (ECF No. 21).

Plaintiff then filed two motions for default judgment on August 2, 2024,

arguing that the non-moving Defendants are in default, and that he should be

granted $2,190,000.00.  (ECF No. 18, 19).  He then requested clerk's entry of

judgment by default on August 5, 2024, which was denied the same day.  (ECF

Nos. 23, 24).  The denial cited the Order granting the motion for extension of time to file an answer as the reason default would not be entered.  (ECF No. 24).

Plaintiff's motions for default judgment will also be denied.  Fed. R. Civ. P. 55 governs the process for entry of default judgment.  "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).  After entry of default, any party may "apply to the court for a default judgment."  Fed. R. Civ. P. 55(b)(2).  "[E]ntry of default by the clerk is a prerequisite to an entry of default judgment." *Daniels v. Christoff*, 2024 WL 1470588, at *1-*2 (E.D. Mich. Jan. 24, 2024) (citing *Vongrabe v. Sprint PCS*, 312 F. Supp. 2d 1313, 1318 (S.D. Cal. 2004)).

Here, because the clerk's office denied Plaintiff's request for entry of default, default judgment may not be entered.  (ECF No. 24).

Also, the notice of denial of entry of default construed the motion for extension of time to answer to apply to all Defendants.  (*Id.*).  This construction is understandable given that the request was raised on behalf of the moving defendants to allow more time for defense counsel to determine whether they would represent additional defendants.  As a result, the Defendants against whom Plaintiff seeks default judgment had until August 21, 2024 to file their response, so they were not in default.

Moreover, "prisoners are essentially foreclosed from obtaining a default judgment" because "the PLRA provides that 'no relief shall be granted . . . unless a reply has been filed [by the opposing party]." *Butler v. Pickell*, 2022 WL 2835833, at *2 (E.D. Mich. July 20, 2022) (internal citations omitted).  Defendants "need not reply unless ordered to do so by the court." *Id.*  Defendants were not Ordered to reply.  As a result, Plaintiff cannot move for default judgment.  *See Brown v. Warchock*, 2022 WL 11456251, at *1 (E.D. Mich. Aug. 17, 2022) ("because Defendants have not been directed by the Court to respond to Brown's complaint, they had no obligation to do so, and the fact that they have not yet filed an answer does not subject them to entry of default judgment.").

Plaintiff's motions for default judgment (ECF Nos. 18, 19) are **DENIED**.

There are six defendants, Gains, Stout, Brunskinski, Markwell, Perry, and Hall who have not yet been served.  In their motion to extend, the represented Defendants stated that "several Defendants . . . are no longer employed by the MDOC." (ECF No. 14).  In their answer, the represented Defendants state that it is unknown who Defendant Perry, Brunskinski, and Gains are.  (ECF No. 31, PageID.217).  Defendants also state that Stout and Hall had not been served.  (*Id.* at PageID216-219).  Plaintiff states that Markwell is deceased.  (ECF No. 23, PageID.173).

3

The process server indicated that the summons was served on Jamie Badgerow, who was designated to accept service on behalf of Central Michigan Correctional Facility.  (ECF No. 10, PageID.102).  But there is no authority suggesting that an assistant deputy warden can accept service of process on behalf of coworkers at a correctional facility.

Plaintiff is responsible for serving the summons and complaint within the applicable time.  Fed. R. Civ. P. 4(c)(1).  Service must comply with the Federal and Michigan rules for service.  Pursuant to Fed. R. Civ. P. 4(e), service may be made by any means permitted under Michigan law, or by doing any of the following: (1) personally serving the summons and complaint, (2) leaving a copy at the individual's dwelling or usual place of abode with someone of suitable age, or (3) by "delivering a copy of each to an agent authorized by appointment or by law to receive service of process."  Fed. R. Civ. P. 4(e)(2)(A-C).

The Michigan Court Rules for service on an individual state service of process may be achieved by either of two means:

> (1) delivering a summons and a copy of the complaint to the Defendant personally; or
> (2) sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee.  Service is made when the Defendant acknowledges receipt of the mail.  A copy of the return receipt signed by the Defendant must be attached to proof showing service under subrule (A)(2).

4

M.C.R. 2.105(A)(1-2).

Federal Rule of Civil Procedure 4(m) provides that if service is not effectuated within 90 days, the Court must dismiss the action without prejudice as to that defendant.  "Without such personal service, a district court lacks jurisdiction to render judgment against a defendant." *Saikus v. Costco Wholesale Corp.*, 2020 WL 7364789, at *1 (N.D. Ohio, Apr. 6, 2020) (*citing Friedman v. Est. of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991).  "Absent a showing of good cause to justify a failure to effect timely service, the Federal Rules of Civil Procedure compel dismissal." *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996) (citing *Habib v. Gen. Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994)).  It is Plaintiff's burden to establish good cause for failing to timely effect service.  *Habib*, 15 F.3d at 73.

Plaintiff must either establish good cause for failing to effect timely service or show that service was proper.  He may do so by showing that serving the summons on Badgerow was a proper means of serving all defendants.  If he cannot do so, Plaintiff must serve the remaining Defendants within 21 days of this Order. Failure to do so may result in dismissal under Fed. R. Civ. P. 4(m).

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d).  A party may not assign as

error any defect in this Order to which timely objection was not made.  Fed. R.

Civ. P. 72(a).  Any objections are required to specify the part of the Order to which

the party objects and state the basis of the objection.  When an objection is filed to

a magistrate judge's ruling on a non-dispositive motion, the ruling remains in

effect unless it is stayed by the magistrate judge or a district judge.  E.D. Mich.

Local Rule 72.2.


Date: September 5, 2024              s/Curtis Ivy, Jr.
                                     Curtis Ivy, Jr.
                                     United States Magistrate Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on September 5, 2024.


                                     s/Sara Krause
                                     Case Manager
                                     (810) 341-7850

6