UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLEN DAVID DANIEL,

    Plaintiff,

v.

TERI FIGHTER-DANIEL, et al.,

    Defendants.

Case No. 24-cv-11218

Honorable Robert J. White
Magistrate Judge Curtis Ivy, Jr.

**OPINION AND ORDER (1) OVERRULING PLAINTIFF'S OBJECTIONS, (2) ADOPTING THE REPORT AND RECOMMENDATION, AND (3) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**

This case involves *Pro Se* Plaintiff Allen David Daniel's federal and state constitutional claims against 26 individually-named Defendants related to his prior incarceration. (ECF No. 1). The Court referred the case to Magistrate Judge Curtis Ivy, Jr. for all pretrial proceedings. (ECF No. 9). Twenty of these defendants are represented together by counsel for the Michigan Department of Corrections (MDOC), and they moved to dismiss Plaintiff's claims under Fed. R. Civ. P. 12(b)(6) (failure to state a claim). (ECF No. 30). Magistrate Judge Ivy filed a report and recommendation on February 13, 2025, recommending that the motion to dismiss be granted in part and denied in part. (ECF No. 39).

Specifically, Magistrate Judge Ivy recommended (1) dismissing six Defendants whom Plaintiff failed to serve; (2) dismissing all claims related to violations of MDOC policy; (3) dismissing all claims against Defendants Steve Barber, Stanley Johnson, Duane Black, Jeremy Osborne, and Joselius Ibarra; (4) dismissing Count I (alleging discrimination and First amendment retaliation related to the denial of religious meals) in its entirety; (5) declining to dismiss related civil conspiracy and First Amendment retaliation claims against Defendants Terri Daniels and Tony Leiter; (6) declining to dismiss another First Amendment retaliation claim against Defendants Daniels and Leiter related to the confiscation of Plaintiff's property; (7) declining to dismiss related state law claims against Defendants Daniels and Leiter; (8) dismissing the civil conspiracy, First Amendment retaliation, and related state law claims against all remaining Defendants; (9) dismissing all claims for violations of equal protection and the Eighth Amendment. (ECF No. 39, PageID.336).

Plaintiff filed timely objections to the magistrate judge's report and recommendation. (ECF No. 40). For the following reasons, the Court (1) overrules Plaintiff's objections to the report and recommendation, (2) adopts the report and recommendation, (3) grants in part and denies in part the motion to dismiss.

2

## I.  Background

Since Plaintiff does not specifically object to magistrate judge's factual summary, the Court finds the recitation of the underlying allegations accurate, and it will adopt the magistrate judge's summary of those allegations as they appear in the report and recommendation. (ECF No. 23, PageID.536-37).

## II.  Legal Standards

The Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *Pearce v. Chrysler Grp. LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). "For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to specify the part of the order, proposed findings, recommendations, or report to which [the party] objects and to state the basis for the objection." *Pearce*, 893 F.3d at 346 (internal quotation marks omitted).

However, "when objections are merely perfunctory responses rehashing the same arguments set forth in the original petition, reviewing courts should review a Report and Recommendation for clear error." *Ruggierlo, Velardo, Burke, Reizen & Fox, P.C. v. Lancaster*, No. 22-12010, 2023 U.S. Dist. LEXIS 160755, at *3 (quotation omitted).

### III. Analysis

As an initial matter, Plaintiff's objections are largely unclear, conclusory, and repetitive, and he fails to adequately explain how his cited authority contradicts any portion of the magistrate judge's report and recommendation. For example, Plaintiff asserts that "[t]he District Court[—presumably referring to the magistrate judge—]made a [p]lain error by [mis]applying the law of the court and the Sixth Circuit" to his First Amendment retaliation claim. But he fails to explain, other than citing a string of cases, the nature of this alleged error. (ECF No. 40, PageID.364).

Plaintiff's objections also present many new arguments and evidence. For example, Plaintiff now argues for the first time, among other things, that (1) the magistrate judge's September 2024 order addressing service of process "is an error incompetence [sic]," (2) he nevertheless "does not recall receiving [this] order," and (3) Defendants perpetrated a fraud upon the court by filing "vexatious" and misleading pleadings. (ECF No. 40, PageID.341, 375-76). Because these matters were never presented before the magistrate judge, they are not considered here. *See Marr v. Foy*, No. 07-908, 2010 U.S. Dist. LEXIS 77925, at *10 (W.D. Mich. Aug. 3, 2010) ("It is well established that a party may not raise an argument, advance a theory, or marshal evidence before a District Judge that was not fairly presented to the Magistrate Judge.") (citing *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir.

2000)). However, to the extent the Court can construe some sufficiently specific objections from Plaintiff's filing, these are addressed in turn.

First, Plaintiff repeatedly asserts that the magistrate judge improperly held him to a heightened pleading standard when dismissing some of his claims. But the magistrate judge correctly cited the applicable legal standard in deciding a Rule 12(b)(6) motion, and he applied this standard consistently to conclude that certain of Plaintiff's claims were insufficiently pled even construing the complaint's allegations as true.

Plaintiff relatedly argues that the magistrate judge improperly ruled that he had to submit supporting evidence for various claims to survive, but this is incorrect. Rather, Plaintiff argued, without attaching any evidence, that the relevant unconstitutional conduct was available on video; the magistrate judge merely recognized that there was no video on the record to review and concluded that Plaintiff's factual allegations were insufficient to plausibly assert the claims at issue. (ECF No. 39, PageID.276-77, 292, 301). Nothing about this was improper.

Next, Plaintiff faults the magistrate judge for not allowing him an opportunity to amend any deficiencies in his complaint. But once the MDOC Defendants moved to dismiss, Plaintiff was entitled to amend his pleading as a matter of course within 21 days, and even then he could have sought leave to amend the complaint and

correct any potential defect. *See* Fed. R. Civ. P. 15(a). Plaintiff never did so, and the Court finds no error with how the magistrate judge proceeded.

Lastly, to the extent Plaintiff's objections otherwise essentially reiterate his prior argument that all his claims are plausibly pled with sufficient facts, the Court agrees with the magistrate judge's thorough analysis and conclusions.

## IV. Conclusion

For the reasons given, IT IS ORDERED that Plaintiff's objections to the magistrate judge's report and recommendation (ECF No. 40) are OVERRULED.

IT IS FURTHER ORDERED that the magistrate judge's report and recommendation (ECF No. 39) is ADOPTED.

IT IS FURTHER ORDERED that the MDOC Defendants' motion to dismiss (ECF No. 30) is GRANTED IN PART AND DENIED IN PART.

IT IS FURTHER ORDERED that:

1. the six unserved Defendants—Gains, Stout, Brunskinski, Markwell, Perry, and Hall—are DISMISSED;

2. all claims under Count III related to violations of MDOC policy are DISMISSED;

3. all claims against Defendants Barber, Johnson, Black, Osborne, and Ibarra are DISMISSED;

4. Counts I, IV, and V are DISMISSED in their entirety;

5. the civil conspiracy, First Amendment retaliation, and related state law claims (Counts II and III) against all remaining Defendants, *except* Defendants Daniels and Leiter, are DISMISSED.

Dated: July 8, 2025　　　　　　　　　　　s/Robert J. White
　　　　　　　　　　　　　　　　　　　　Robert J. White
　　　　　　　　　　　　　　　　　　　　United States District Judge