UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ALLEN DAVID DANIEL, | Case No. 24-11218 |
| Plaintiff, | Robert J. White |
| v. | United States District Judge |
| TERI FIGHTER-DANIEL, *et al.*, | Curtis Ivy, Jr. |
| Defendants. | United States Magistrate Judge |
| _____/ | |

**ORDER DENYING PLAINTIFF'S MOTION FOR HEARING AND SANCTIONS AGAINST DEFENDANTS AND DEFENSE COUNSEL**
**(ECF No. 47)**

On July 22, 2025, Plaintiff moved for a hearing and sanctions against all Defendants and their counsel. (ECF No. 47). Though Defendants filed a response in opposition to this motion, (ECF No. 48), Plaintiff has not filed a reply brief as of this writing. Having reviewed the available briefing, a hearing is not needed to resolve the issues raised in this motion. Plaintiff's motion is **DENIED**.

Plaintiff claims in a conclusory manner that defense counsel filed "known frivolous and vexatious affirmative Defense Pleadings, and motions to dismiss." (ECF No. 47, PageID.467). He also alleges that defense counsel "willfully concealed documents." (*Id.*). Plaintiff adds that Defendants and their attorney filed "known and vexatious" objections to the undersigned's February 2025 Report and Recommendation. (*Id.*). Plaintiff concludes that his own objections to that

Report and Recommendation "incriminate" Defendants such that summary judgment in his favor is warranted. (*Id.*). For these reasons, Plaintiff moves for sanctions under Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927.[1]

Start with Plaintiff's motion under Rule 11. Under Rule 11(b), an attorney certifies to the best of his knowledge after a reasonable inquiry that any pleading, written motion, or other paper is "not presented for any improper purpose (e.g., to harass or cause unnecessary delay); contains nonfrivolous claims, defenses, or legal arguments; and is based on facts supported by evidence, or that will likely be supported by evidence after discovery." *Turn v. Leslie*, No. 21-cv-12767, 2023 WL 9007800, at *1 (E.D. Mich. Oct. 2, 2023). Though the Court may award sanctions for violations of Rule 11(b), a Rule 11 motion "must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Fed. R. Civ. P. 11(c)(1)-(2). In other words, the Rule 11 movant must first provide an opportunity for the offending party to correct their otherwise sanctionable conduct. This is known as Rule 11's "safe harbor" requirement. *See Ridder v. City of Springfield*, 109 F.3d 288, 294-95 (6th Cir. 1997).

---

[1] Plaintiff also moved for sanctions under Rules 1 and 8(c) as well as 28 U.S.C. §§ 2201-2202, 2283. None of these provisions, however, authorize the Court to penalize sanctionable conduct.

The Rule 11 movant cannot simply ignore the "safe harbor" requirement. The Sixth Circuit has expressly held that "Rule 11 is unavailable where the moving party fails to serve a timely 'safe harbor' letter." *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 511 (6th Cir. 2002) (citing *Ridder*, 109 F.3d at 297). Failure to adhere to Rule 11's safe harbor requirement warrants denial of the motion for sanctions. *See Turn*, 2023 WL 9007800, at *1 (denying a *pro se* litigants Rule 11 motion for failure to comply with the safe harbor requirement); *First Bank of Marietta*, 307 F.3d at 510-11 (affirming district court's denial of Rule 11 sanctions because of movant's failure to comply with the safe harbor requirement); *Nagle Indus., Inc. v. Ford Motor Co.*, 173 F.R.D. 448, 458 (E.D. Mich. 1997) (same).

Plaintiff did not adhere to Rule 11's safe harbor requirement. Plaintiff states that he sought defense counsel's concurrence on his motion via email on July 15, 2025. (ECF No. 47, PageID.469). For one thing, defense counsel apparently did not receive that email. (ECF No. 48, PageID.479 n.1). For another, Plaintiff filed his motion on July 22, 2025, just seven days later—not the twenty-one days required under Rule 11(c)(2). Accordingly, Plaintiff's Rule 11 motion is **DENIED**.

Nor does Plaintiff fare any better on the merits of his motion for sanctions under Rule 11, 28 U.S.C. § 1927, or this Court's inherent authority.[2]

Under Rule 11, the test is "'whether the individual attorney's conduct was reasonable under the circumstances.'" *Turn*, 2023 WL 9007800, at *1 (quoting *McGhee v. Sanilac Cnty.*, 934 F.2d 89, 93 (6th Cir. 1991)). Sanctions under § 1927 are warranted "when a lawyer objectively falls short of the obligations owed by a member of the bar to the court." *Carter v. Hickory Healthcare, Inc.*, 905 F.3d 963, 968 (6th Cir. 2018) (internal quotations omitted). Thus, counsel must have acted with "something more than negligence or incompetence." *Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 646 (6th Cir. 2006). An attorney "unreasonably and vexatiously" multiplies proceedings under § 1927 when he or she "knows or reasonably should know that a claim pursued is frivolous, or that his litigation tactics will needlessly obstruct the litigation of non-frivolous claims." *Jones v. Cont'l Corp.*, 789 F.2d 1225, 1232 (6th Cir. 1986). *See also Elfelt v. United States*, F. App'x 402, 410 (6th Cir. 2002).

Additionally, "[a] district court has the inherent power to sanction a party when that party exhibits bad faith." *Bradley J. Delp Revocable Tr. v. MSJMR 2008 Irrevocable Tr.*, 665 F. App'x 514, 520 (6th Cir. 2016) (citation omitted).

---

[2] Though Plaintiff did not expressly move for sanctions under this Court's inherent authority, Defendants brief addresses inherent authority sanctions. Out of an abundance of caution, the Court will address the same.

4

The Court may award attorneys' fees and costs under its inherent powers "when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons" or "when conduct is tantamount to bad faith." *Metz v. Unizan Bank*, 655 F.3d 485, 488 (6th Cir. 2011) (internal quotations and citations omitted). Bad-faith conduct, in turn, refers to conduct that is intentional or reckless—negligence is not enough. *Webasto Thermo & Comfort N. Am., Inc. v. Bestop, Inc.*, 323 F. Supp. 3d 935, 939 (E.D. Mich. 2018). An award of fees and costs "requires the district court to find '[1] that the claims advanced were meritless, [2] that counsel knew or should have known this, and [3] that the motive for filing the suit was for an improper purpose such as harassment.'" *Id.* (quoting *BDT Prods., Inc. v. Lexmark Int'l, Inc.*, 602 F.3d 742, 751 (6th Cir. 2010)).

Plaintiff is far from satisfying any of these tests. For starters, Plaintiff only quotes Rule 11 and § 1927 in his motion—he did not elaborate on the respective tests or develop an argument as to how Defendants' or defense counsel's conduct was sanctionable. Plaintiff states that Defendants submitted "frivolous and vexatious" filings, but he did not explain how the filings were "frivolous and vexatious." As best the Court can understand, Plaintiff takes issue with the affirmative defenses listed in Defendants' answer because they do not appear under Rule 8(c). But that Rule only "identifies a *nonexhaustive* list of affirmative defenses." *Jones v. Bock*, 549 U.S. 199, 212 (2007) (emphasis added). In other

5

words, the affirmative defenses available to Defendants are not only those enumerated under Rule 8(c).  Next, Plaintiff attacks Defendants motion to dismiss which the Court granted in part and denied in part.  (ECF No. 43).  The Court agrees with Defendants—their motion was not "frivolous or vexatious" considering it resulted in the dismissal of all Defendants except for Defendants Daniels and Leiter.  Plaintiff claims that Defendants' objections to the undersigned's Report and Recommendation amount to sanctionable conduct.  Yet Defendants never filed any objections—they only responded to Plaintiff's objections.  (ECF No. 41).

Lastly, Plaintiff adds that he is entitled to summary judgment based on his filing from February 27, 2025.  (ECF No. 47, PageID.467).  First, this is not an argument in support of any sanctions; rather, it is just Plaintiff asserting he should prevail on the non-dismissed claims in his complaint.  Second, Plaintiff refers here to his objections to the February Report and Recommendation.  The Court overruled those objections on July 8, 2025.  (ECF No. 43).

In short, Plaintiff has not shown how he is entitled to sanctions under Rule 11, 28 U.S.C. § 1927, or this Court's inherent authority.  Accordingly, his motion is **DENIED**.

The Court also addresses one final item separate from Plaintiff's motion for sanctions.  Upon adopting the undersigned's Report and Recommendation, the

Court dismissed all Defendants except Defendants Teri-Fighter Daniels and Tony Leiter. (ECF No. 43, PageID.429-30). The Court therefore **DIRECTS** the Clerk's Office to correct the case caption and terminate all Defendants except Defendants Daniels and Leiter.

**IT IS SO ORDERED.**

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: August 25, 2025                s/Curtis Ivy, Jr.
                                     Curtis Ivy, Jr.
                                     United States Magistrate Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on August 25, 2025.

7

                                                  s/Sara Krause  
                                                  Case Manager  
                                                  (810) 341-7850