UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ALLEN DAVID DANIEL,<br><br>    Plaintiff,<br><br>v.<br><br>TERI FIGHTER-DANIEL, et al.,<br><br>    Defendants. | Case No. 24-cv-11218<br><br>Honorable Robert J. White<br>Magistrate Judge Curtis Ivy, Jr. |

**OPINION AND ORDER (1) OVERRULING PLAINTIFF'S OBJECTIONS, (2) ADOPTING THE REPORT AND RECOMMENDATION, (3) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OR JUDGMENT ON THE PLEADINGS, AND (4) AFFIRMING THE MAGISTRATE JUDGE'S NON-DISPOSITIVE ORDERS**

This case involves *Pro Se* Plaintiff Allen David Daniel's federal and state constitutional claims against numerous individually-named Defendants related to his prior incarceration. (ECF No. 1). The Court referred the case to Magistrate Judge Curtis Ivy, Jr. for all pretrial proceedings. (ECF No. 9). On July 17, 2025, Plaintiff moved for summary judgment or judgment on the pleadings. (ECF No. 46). Plaintiff also moved for sanctions against Defendants. (ECF No. 47). Magistrate Judge Ivy filed a report and recommendation on August 25, 2025, recommending that the motion for summary judgment or judgment on the pleadings be denied. (ECF No.

53). That same day, Magistrate Judge Ivy denied Plaintiff's motion for sanctions. (ECF No. 52). Magistrate Judge Ivy then entered a scheduling order. (ECF Nos. 55-56).

Plaintiff objected to the magistrate judge's report and recommendation, the order denying his motion for sanctions, and the scheduling order. (ECF Nos. 57-59). For the following reasons, the Court (1) overrules Plaintiff's objections, (2) adopts the report and recommendation, (3) denies the motion for summary judgment or judgment on the pleadings, and (4) affirms the magistrate judge's non-dispositive orders.

## I. Background

Since Plaintiff does not specifically object to magistrate judge's factual summary, the Court finds the recitation of the underlying allegations accurate, and it will adopt the magistrate judge's summary of those allegations as they appear in the report and recommendation. (ECF No. 53, PageID.521-24).

## II. Legal Standards

Regarding the dispositive motion for summary judgment or judgment on the pleadings, the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *Pearce v. Chrysler Grp. LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). "For an objection to be proper, Eastern District of Michigan Local Rule

2

72.1(d)(1) requires parties to specify the part of the order, proposed findings, recommendations, or report to which [the party] objects and to state the basis for the objection." *Pearce*, 893 F.3d at 346 (internal quotation marks omitted). However, "when objections are merely perfunctory responses rehashing the same arguments set forth in the original petition, reviewing courts should review a Report and Recommendation for clear error." *Ruggierlo, Velardo, Burke, Reizen & Fox, P.C. v. Lancaster*, No. 22-12010, 2023 U.S. Dist. LEXIS 160755, at *3 (quotation omitted).

Regarding the magistrate judge's orders concerning sanctions and scheduling, "a district court may reconsider a magistrate judge's decision on a non-dispositive, non-excepted, pending pretrial matter only if it is clearly erroneous or contrary to law." *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (cleaned up); *see also* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). "This standard requires the District Court to review findings of fact for clear error and to review matters of law de novo." *Id.* "A factual finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id.* (cleaned up). "And an order is contrary to the law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Id.* (cleaned up).

### III. Analysis

#### A. Motion for Summary Judgement or Judgment on the Pleadings

Plaintiff provides just two largely conclusory objections to the magistrate's report and recommendation:

> Page ID 521-522 paragraph 1:
>
> Plaintiff Daniel will provide documentary evidence, video under protected court orders requested, and through discovery as ordered and testimony that will meet the standards of F. R. Civ. P. 56. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986), by January 16, 2026. [sic.]
>
> . . . Page ID 528-529 paragraph 2 section B.; Page ID 529 Paragraphs 1, 2; Page ID 531 paragraphs 1, 2 in section IV:
>
> Plaintiff Daniel will provide documentary evidence, video under protected court orders requested, and through discovery as ordered and testimony that will meet the standards of F. R. Civ. P. (12)(c). *Morderwell v. Cuyahoga Cnty.*, 993 F. 3d 653, 659 (6th Cir. 2021) by January 16, 2026, and or pretrial. [sic.]

(ECF No. 58, PageID.565 (cleaned up)).

Neither of these objections is particularly clear regarding what mistake(s) the magistrate judge allegedly made. And while Plaintiff seemingly argues that summary judgment and/or a judgment on the pleadings is warranted by evidence that was never before the magistrate (and that is not even currently available to the Court), this is incorrect. *See Marr v. Foy*, No. 07-908, 2010 U.S. Dist. LEXIS 77925, at *10 (W.D. Mich. Aug. 3, 2010) ("It is well established that a party may not raise an argument, advance a theory, or marshal evidence before a District Judge that was not fairly presented to the Magistrate Judge.") (citing *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000)).

4

Ultimately, the Court agrees with the magistrate judge's thorough analysis and conclusions that Plaintiff's conclusory motion did not meet his burden to establish that relief was warranted under either Fed. R. Civ. P. 12(c) or 56. The Court also agrees that Plaintiff's pre-discovery request for summary judgment should be denied as premature. *See Wells v. Corporate Accounts Receivable*, 683 F. Supp. 2d 600, 602 (W.D. Mich. 2010) (noting that "a motion for summary judgment filed before the close of discovery is often denied as premature in this circuit"). Accordingly, Plaintiff's objections to the magistrate judge's report and recommendation are overruled, the report and recommendation is adopted, and Plaintiff's motion for summary judgment or judgment on the pleadings is denied.

### B. Non-Dispositive Motions

Concerning Plaintiff's motion for sanctions, Plaintiff only asserts that the magistrate judge (1) erroneously concluded that he never filed a reply and (2) prematurely denied the motion. (ECF No. 59, PageID.570). This is incorrect. In fact, Plaintiff only filed his reply *after* the magistrate judge denied the motion. (*See* ECF Nos. 53, 54). And by that time, the reply was untimely by over a week. *See* E.D. Mich. L.R. 7.1(e)(1)(B) (a reply "must be filed within 7 days after service of the response").

Concerning the magistrate judge's scheduling order, Plaintiff merely argues that Defendants acted in bad faith by filing a joint discovery plan without his assent.

5

(ECF No. 57, PageID.558). But Defendants only filed their own discovery plan only after "Plaintiff indicated he did not wish to file a joint plan and would be filing his own proposed plan." (ECF No. 50, PageID.492). Plaintiff subsequently filed a separate discovery plan (ECF No. 51), which includes an email exhibit from Plaintiff to defense counsel confirming that he was "not interested in filing jointly" and would "file mine separately." (ECF No. 51, PageID.510). And the magistrate judge appropriately considered both competing discovery plans to craft a scheduling order he deemed reasonable under the circumstances. (ECF No. 56, PageID.552-53).

Given the foregoing, Plaintiff's objections do not establish that either the magistrate judge's scheduling order or his order denying Plaintiff's motion for sanctions is clearly erroneous or contrary to law. Plaintiff's objections are therefore overruled, and these orders are affirmed.

## IV. Conclusion

For the reasons given, IT IS ORDERED that Plaintiff's objections to the magistrate judge's report and recommendation (ECF No. 58) are OVERRULED.

IT IS FURTHER ORDERED that the magistrate judge's report and recommendation (ECF No. 53) is ADOPTED.

IT IS FURTHER ORDERED that the Plaintiff's motion for summary judgment or judgment on the pleadings (ECF No. 46) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's objections to the magistrate judge's non-dispositive orders (ECF Nos. 57, 59) are OVERRULED.

IT IS FURTHER ORDERED that the magistrate judge's order denying Plaintiff's motion for sanctions (ECF No. 52) is AFFIRMED.

IT IS FURTHER ORDERED that the magistrate judge's scheduling order (ECF No. 56) is AFFIRMED.

Dated: November 12, 2025               s/Robert J. White
                                                      Robert J. White
                                                      United States District Judge