UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ALLEN DAVID DANIEL, | Case No. 24-11218 |
| Plaintiff, | Robert J. White |
| v. | United States District Judge |
| TERI FIGHTER-DANIEL, *et al.*, | Curtis Ivy, Jr. |
| Defendants. | United States Magistrate Judge |
| _____/ | |

**ORDER REGARDING PLAINTIFF'S MOTION FOR EXTENTION OF DISCOVERY AND DEFENDANTS' REQUEST TO STAY DISPOSITIVE MOTION DEADLINE (ECF No. 65, 66)**

Before the Court is Plaintiff's *Motion for Enlargement of Time, and a Hearing for Discovery* (ECF No. 65). There, Plaintiff seeks to extend discovery by twenty-one days. For the following reasons, Plaintiff's motion is **DENIED WITHOUT PREJUDICE**.

The Scheduling Order set the discovery cutoff date as January 16, 2026. (ECF No. 56). Plaintiff filed his motion to extend—and essentially reopen—discovery on January 21, 2026. Thus, for Plaintiff to prevail, he must satisfy Rule 16. Pursuant to Federal Rule of Civil Procedure 16(b)(4), "[a] schedule may be modified for good cause and with the judge's consent." "In order to demonstrate good cause, [the movant] must show that the original deadline could not reasonably have been met despite due diligence and that the opposing party will

not suffer prejudice by virtue of the amendment." *Ross v. Am. Red Cross*, 567 F. App'x 296, 306 (6th Cir. 2014); *see also Garza v. Lansing Sch. Dist.*, 972 F.3d 853, 879 (6th Cir. 2020) (quoting *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002)) ("'The primary measure of Rule 16's "good cause" standard is the moving party's diligence in attempting to meet' the scheduling order's requirements, but courts also consider 'possible prejudice to the party opposing the modification.'"). The Court enjoys wide discretion under Rule 16(b)(4) but should deny when evidence of diligence is lacking. *See Hartford Accident & Indem. Co. v. Greater Lakes Ambulatory Surgical Ctr. LLC*, No. 18-CV-13579, 2022 WL 1690159, at *1 (E.D. Mich. May 26, 2022) (citing *In re Nat'l Prescription Opiate Litig.*, 956 F.3d 838, 843 (6th Cir. 2020)).

Plaintiff has not shown good cause for the requested modification of the Scheduling Order. For one thing, Plaintiff makes no actual argument in his motion on Rule 16. While he seemingly recognizes its applicability, he only included the text of Rule 16; he did not articulate the applicable standard or make any arguments related to diligence or prejudice. In his motion, Plaintiff only sets forth a timeline of events in which he asserts that Defendants have not responded to his discovery requests. (ECF No. 65, PageID.621–22). On that score, the Court notes that it denied Plaintiff's November 2025 motion to compel for a number of procedural defects, including the failure to include copies of the discovery requests

2

for which he wanted Court-ordered responses. (ECF Nos. 61, 62).[1] And as indicated in an email included with Defendants' recently filed motion to dismiss, there is a question about what discovery requests Plaintiff has sent to Defendants. (ECF No. 66-2, PageID.648) (suggesting Plaintiff's discovery requests were only revised copies of Defendants' initial disclosure). So at most, Plaintiff seeks to essentially reopen discovery based on unknown discovery requests of potentially skeptical propriety. This is not good cause for a modification of the Scheduling Order.

Separately, because the Scheduling Order set the discovery cutoff for January 16, 2026, and Plaintiff filed his motion on January 21, 2026, Plaintiff must also satisfy Rule 6. Since Plaintiff filed his motion after the discovery cutoff date, Rule 6(b)(1)(B) controls. In turn, Plaintiff must establish good cause for an extension and show he failed to timely move for an extension because of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B).

"'[E]xcusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not strictly limited to omissions caused by circumstances beyond the control of the movant." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'Ship*, 507 U.S.

---

[1] Plaintiff objected to this Order, and those objections remain pending. (ECF Nos. 63, 64). That said, the Court's Order pointed out that "[w]hen an objection is filed to a magistrate judge's ruling on a non-dispositive motion"—such as a motion to compel—"the ruling remains in effect unless it is stayed by the magistrate judge or district judge." (ECF No.62, PageID.596). The Court has not stayed its ruling in the November 2025 Order.

3

380, 392 (1993). To determine whether the failure to file a response within the allotted time constitutes excusable neglect, the Court weight several factors, namely (1) the danger of prejudice to the opposing party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within reasonable control of the late-filing party, and (5) whether the late-filing party acted in good-faith. *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006) (citing *Pioneer Inv. Servs. Co.*, 507 U.S. at 395). The Court should "tak[e] account of all relevant circumstances surrounding the party's omission. *Pioneer Inv. Servs. Co.*, 507 U.S. at 395.

Again, Plaintiff apparently understands Rule 6's applicability since he included the entirety of Rule 6's text to his motion. But he did not make any argument on Rule 6. He did not identify the excusable neglect standard and explain how his untimely filing is excusable. Plaintiff cannot simply copy the text of the applicable rule or statute and expect the Court to divine Plaintiff's arguments for him. As pointed out previously, "[i]t is insufficient for a party to mention a possible argument in the most skeletal way, leaving to the court to . . . put flesh on its bones." *Enchant Christmas Light Maze & Mkt. Ltd. v. Glowco, LLC*, 958 F.3d 532, 536 n.1 (6th Cir. 2020) (quoting *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997)).

As Plaintiff has not satisfied Rule 16 or Rule 6, his motion to extend the discovery cutoff date is **DENIED WITHOUT PREJUDICE**.

Plaintiff's motion also referred to a "hearing for discovery." It is unclear what Plaintiff means by this. As far as the Court can discern, this is seemingly a request to compel discovery Plaintiff believes to be outstanding. But Plaintiff has developed no sort of argument in support of the relief he requests. True to form, all Plaintiff did was copy the text of Rule 26 and Rule 33. And like his November 2025 motion, he did not include copies of the discovery requests and responses with his motion. Accordingly, Plaintiff's request for a hearing is also **DENIED**.

Separately, the Court addresses—but does not resolve—a matter raised in Defendants' recently filed *Motion to Dismiss Pursuant to Fed. R. Civ. P. 37(D) and 41(B)* (ECF No. 66). At the end of that motion, Defendants asked the Court to stay the dispositive motion deadline—February 20, 2026—pending the resolution of the motion to dismiss. (*Id.* at PageID.641). The Court has ordered Plaintiff to respond to that motion by February 13, 2026, and set the deadline for Defendants' reply for February 27, 2026. (ECF No. 67). As such, full briefing on the motion would be due after the dispositive motion deadline. Since the disposition of Defendants' motion to dismiss may affect whether dispositive motions are still required, the Court hereby **STAYS** the dispositive motion deadline in the current Scheduling Order.

5

Lastly, so the parties are aware, the Court will schedule an in-person status conference for February 5, 2026.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d).  A party may not assign as error any defect in this Order to which timely objection was not made.  Fed. R. Civ. P. 72(a).  Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection.  When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge.  E.D. Mich. Local Rule 72.2.

Date: January 22, 2026           s/Curtis Ivy, Jr.
                                 Curtis Ivy, Jr.
                                 United States Magistrate Judge

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on the January 22, 2026, by electronic means and/or ordinary mail.

                                                   s/Sara Krause
                                                   Case Manager
                                                   (810) 341-7850